OPPMAN, RESPONDENT, *v.* STEINBRENNER, APPELLANT.

[Submitted December 16, 1895. Decided December 21, 1895.)

SURETY—*Pleading—Answer.*—In an action by the surety on a promissory note against his principal to recover the amount which he was compelled to pay on a judgment recovered on the note in a court of competent jurisdiction of another state, after due personal service of process, an answer which does not dispute the judgment but denies the execution of the note upon which the judgment was rendered, states no defense.

SAME—*Statute of limitations.*—The statute of limitations does not begin to run against the claim of a surety who has paid his principal's note until the date of payment.

SAME—*Pleading—Answer—Uncertainty.*—Where the complaint in an action by a surety against his principal to recover the amount paid by the former in satisfaction of a foreign judgment, alleges the judgment and also a judgment of revivor, an answer which avers that when the judgment was rendered the defendant was absent from the state and that his appearance was fraudulently entered, is demurrable for uncertainty in not disclosing whether the judgment referred to was the original or revived judgment.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION by surety. Judgment on demurrer to the answer was rendered for the plaintiff below by HUNT, J. Affirmed.

Statement of the case by the justice delivering the opinion.

Plaintiff, as alleged, surety for defendant, brought this action for money paid out for his principal. In the complaint, plaintiff set forth that in September, 1874, defendant made and executed to plaintiff his note for $200, at 60 days, with interest at 8 per cent.; that before maturity plaintiff indorsed and

transferred the note to third parties; that defendant failed to pay the note at maturity; that the holders brought suit on the note in the superior court in the state of Ohio, a court of general jurisdiction, against plaintiff and defendant, in which action summons was duly and personally served upon both this plaintiff and defendant; that a judgment was duly entered in favor of the holders of the note against this plaintiff and defendant; that upon the 7th of March, 1894, judgment being dormant, the judgment creditors duly revived the same, under the laws of the state of Ohio, by filing a motion in the common pleas court of that state, which motion was duly and personally served on both plaintiff and defendant herein; that, pursuant to those proceedings, a judgment was duly given and made by the Ohio court reviving the original judgment for the full amount; that on April 21, 1894, this plaintiff, as indorsee and surety for the defendant, Steinbrenner, was compelled to and did pay the full amount of said judgment.

To this complaint, filed in the district court of this state, defendant filed an answer. The answer was in three paragraphs. Paragraph 1 purported to deny the original execution of the note. Paragraph 2 pleaded the statute of limitations of this state. Paragraph 3 of the answer set up that, when the supposed judgment against this defendant was alleged to have been rendered, he was absent, in the state of California, and that the appearance entered for him in Ohio was fraudulent.

Upon motion of the plaintiff the court struck out the second defense, as sham. It sustained a demurrer to the first paragraph of the answer, on the ground that it did not state facts constituting a defense; and it sustained a demurrer to the third paragraph, upon the ground that it was uncertain and ambiguous, for the reason that it did not appear to which judgment the said paragraph referred, whether the original, in 1874, or the judgment reviving the old judgment, in 1894.

*C. F. Fleischer* and *F. N. & S. H. McIntire*, for Appellant.

*T. E. Crutcher*, for Respondent.

DE WITT, J.—The demurrer to the first paragraph of the answer was properly sustained.  It was pleaded by the complaint, and not denied, that judgment was rendered upon the note by a court of general jurisdiction in the state of Ohio.  That judgment adjudicated upon the said note and the indebtedness thereunder.   It was a judgment by a court of general and competent jurisdiction of a sister state, and such judgment cannot now be attacked by denying simply the giving of the note upon which the judgment was rendered.  (Black on Judgments, § 857, and cases cited.)

The second paragraph of the answer was properly stricken out as sham.   The appellant defended this paragraph upon the ground that the statute of limitations had run against the original judgment entered in 1874.    But the point of the case is this :   Plaintiff, Oppman, was a surety of Steinbrenner, and he had no cause of action against Steinbrenner until he had paid the note in 1894.    (Wood on Limitations, § 145; Brandt on Suretyship, § 230.)   This did not occur until 1894, and it is clear that the statute of limitations had not run against this plaintiff since that time.

We are also of opinion that the third paragraph in the answer was ambiguous.   Defendant sought to allege that, when the judgment was rendered in Ohio, he was absent from that state, and his appearance was fraudulently entered.   But it was not clear whether he means the original judgment, in 1874, or the judgment of revivor, in 1894.   Counsel claim that the revivor was an order and not a judgment.   Plaintiff pleads it as a judgment in his complaint.   It would have been a very simple matter for defendant to amend, and clearly indicate by his answer which judgment or order, if it is to be called an order, he referred to in his third paragraph of the answer.

The district court, upon sustaining the demurrer to the answer, and the motion to strike out, rendered judgment for the plaintiff.   Defendant appeals from the judgment, which brings

up for review the orders upon the demurrer and motion. Having determined that the district court was correct as to the motion and demurrer, the judgment is therefore affirmed.

*Affirmed.*

Pemberton, C. J., concurs.

Hunt, J., having tried this case as district judge, does not participate in this decision.